**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MR. RENE' D. EDWARDS,

    Plaintiff,

  v.

JAMES R. GAHM, et al.,

    Defendants.

1:16-cv-5702-NLH-AMD

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES:**

RENE' D. EDWARDS
SUMMIT PLACE APARTMENTS
411 EAST GIBBSBORO ROAD
APT. 110
LINDENWOLD, NJ 08021
    Appearing *pro se*

MELIHA ARNAUTOVIC
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625
    On behalf of Defendant James R. Gahm and Dana Petrone

**HILLMAN**, District Judge

    WHEREAS, on September 21, 2016, Plaintiff's complaint was deemed filed,[1] and in his complaint Plaintiff alleges that the

---

[1] When Plaintiff filed his complaint, he submitted an application to proceed without prepayment of fees ("in forma pauperis" or "IFP application") under 28 U.S.C. § 1915, and his complaint was therefore subject to sua sponte screening by the Court, see 28 U.S.C. § 1915(e)(2)(B). The Court granted Plaintiff's IFP application (Docket No. 3), and ordered the Clerk to mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"). Once the Marshal receives the USM-285 Forms from

electronic GPS device he wears under Megan's Law, which law Plaintiff argues is not applicable to him, failed without his knowledge, and as a result he was falsely arrested, the arrest was effected through the use of excessive force, and he was otherwise subjected to various forms of discrimination;[2] and

WHEREAS, Plaintiff has filed a motion for default judgment against all Defendants (Docket No. 23), arguing that they were served by the U.S. Marshal on January 2, 2018 and January 8, 2018, and because more than 21 days elapsed without Defendants filing an answer or otherwise responding to Plaintiff's complaint, they are therefore in default and he is entitled to judgment in his favor on his claims; and

WHEREAS, under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process: First, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and after the Clerk has entered the party's

---

Plaintiff and the Marshal so alerts the Clerk, the Clerk issues summons in connection with each USM-285 Form submitted by Plaintiff. The Marshal then serves summons, the Complaint and the Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States (Docket No. 12 at 7).

[2] Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as under New Jersey state law. This Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2

default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

WHEREAS, on February 2, 2018, Plaintiff filed a request for the Clerk to enter default (Docket No. 22), along with his motion for default judgment; but

WHEREAS, the Clerk informed Plaintiff that his request for default could not be granted because on January 31, 2018, this Court granted the request of Defendants James R. Gahm and Dana Petrone for a 30-day extension of time to respond to Plaintiff's complaint[3] (Docket No. 21); and

WHEREAS, Defendants Gahm and Petrone timely responded to Plaintiff's complaint per the Court's extension by filing a motion to dismiss Plaintiff's complaint[4] (Docket No. 25); and

---

[3] In a January 30, 2018 letter, counsel for Defendants Dana Petrone and James R. Gahm reported that the 21-day time period to respond to Plaintiff's complaint – January 29, 2018 - expired the day before the matter was assigned to her due to the length of the screening process at the Attorney General's Office and the Office of the Camden County Prosecutor. (Docket No. 20.) Because the Third Circuit has adopted a policy disfavoring default judgments and encouraging decisions on the merits, Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988), the Court granted Defendants' request for an extension of time to respond to Plaintiff's complaint.

[4] It has come to the Court's attention that Plaintiff has not received a copy of Defendants' motion to dismiss. Defendants' certificate of service indicates that they only filed their

3

WHEREAS, because these two Defendants have appeared in the matter and have responded to Plaintiff's complaint, default or default judgment cannot be entered as to them; and

WHEREAS, it appears that summonses were returned as unexecuted as to Defendants James Samalonis, Ronald Berreman, Andrew Larue, and Steven Jordan (Docket No. 27, 28, 29, 30), and because these defendants have not been properly served, default or default judgment cannot be entered as to these defendants at this time, see F.T.C. v. Preferred Platinum Services Network, LLC, 2010 WL 5419024, at *2 (D.N.J. 2010) ("Valid service of process and the Clerk of Court's entry of default are prerequisites to entry of judgment by default."); Louisiana Counseling and Family Services, Inc. v. Makrygialos, LLC, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)) ("Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served

---

motion electronically with the Court. (Docket No. 25 at 3.) Pursuant to Local Civil Rule 5.2 at 14(b)(2), however, a non-ECF filer, such as Plaintiff here, is entitled to receive a paper copy of any electronically filed document from the party making the filing. Accordingly, Defendants shall serve a paper copy of their motion on Plaintiff and file with the Court an updated certificate of service. Plaintiff shall be provided with 15 days from the date he receives the copy of the motion to file his response, unless otherwise requested by Plaintiff and directed by the Court.

4

defendant who fails to file a timely responsive pleading."); but

WHEREAS, summons was returned as executed as to Defendant "OFFICER PTLM-BURROWS" on January 8, 2018 (Docket No. 16 at 1), and Defendant Officer Ptlm-Burrows has not responded to Plaintiff's complaint or otherwise appeared in the matter, but because default has not been entered against this Defendant, the Court cannot consider Plaintiff's motion for default judgment;

Therefore,

IT IS on this ___20th___ day of _March_, 2018

ORDERED that the MOTION for Default Judgment by RENE' D. EDWARDS [23] be, and the same hereby is, DENIED WITH PREJUDICE as to Defendants James R. Gahm and Dana Petrone, and DENIED WITHOUT PREJUDICE as to the remaining Defendants[5]; and it is

---

[5] The Court does not find the Clerk's denial of Plaintiff's request for default to be in error as to Officer Ptlm-Burrows because Plaintiff's request was not specific to any defendant and he sought the entry of default as to all named defendants collectively.  Plaintiff's motion for default judgment is without prejudice to his right to prosecute his claims against the remaining defendants as he chooses to do so.  The Court notes, however, that if Plaintiff obtains a Clerk's entry of default against any of the defendants, and then refiles a motion for default judgment against that defendant or defendants, he must do more than demonstrate that defendants have failed to appear in the action. See Franklin v. National Maritime Union of America, (MEBA/NMU), Civ. No. 91-480,  1991 WL 131182, *1 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1983)) (explaining that when considering an application for entry of a default judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled to a default

5

further

ORDERED that Defendants James R. Gahm and Dana Petrone shall serve a paper copy of their motion to dismiss on Plaintiff within 7 days in accordance with Fed. R. Civ. P. 5(b)(1), and file with the Court an updated certificate of service; and it is further

ORDERED that Plaintiff shall have 15 days from the date he receives the copy of the motion to file his response, unless otherwise requested by Plaintiff and directed by the Court.

At Camden, New Jersey          s/ Noel L. Hillman
                               NOEL L. HILLMAN, U.S.D.J.

---

judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)'"); Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (explaining that even though by virtue of defendant's default, every "well-plead allegation" of the complaint, except those relating to damages, are deemed admitted, a plaintiff must articulate the substantive legal basis for a finding in its favor).