UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MR. RENÉ D. EDWARDS, | 1:16-cv-5702-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| JAMES R. GAHM, et al., | |
| Defendants. | |

**APPEARANCES**:

RENÉ D. EDWARDS
SUMMIT PLACE APARTMENTS
411 EAST GIBBSBORO ROAD
APT. 110
LINDENWOLD, NJ 08021

    Appearing *pro se*

MELIHA ARNAUTOVIC
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625

    On behalf of Defendants

**HILLMAN, District Judge**

    This case concerns claims by Plaintiff regarding his arrest and conviction for violating the Sex Offender's Monitoring Act, a conviction which was vacated four years later after the New Jersey Supreme Court deemed the retroactive application of the Act to be unconstitutional. On November 1, 2018, this Court

granted Defendants' motions to dismiss Plaintiff's claims against them, concluding that while the Court was cognizant of the harms the Plaintiff had suffered as a result of his incarceration, which included a vicious beating by a cellmate and serious bodily injuries, the named Defendants could not held liable as a matter of law for the claims Plaintiff has asserted against them.[1] (Docket No. 50 at 26-27.)

On December 11, 2018, Plaintiff filed a notice of appeal with United States Court of Appeals for the Third Circuit. (Docket No. 52.) On May 1, 2019, the Third Circuit dismissed Plaintiff's appeal because it was untimely. (Docket No. 54.) The Third Circuit explained:

> The appeal is dismissed for lack of appellate jurisdiction. Appellant filed a notice of appeal concerning the District Court's November 1, 2018 order dismissing his claims

---

[1] The Court also noted that Plaintiff had filed eleven other actions in this Court against various defendants arising out of his GPS monitoring and what occurred while he was incarcerated due to the Sex Offender Monitoring Act violation charge. All those cases have been closed, except for his most recent one - 18-cv-11955 - which is at the complaint screening process stage, and in which Plaintiff has filed essentially identical motions to the ones pending here. See EDWARDS v. THE HILLMAN GROUP, COMPANY et al. 1:18-cv-11955-NLH-JS; EDWARDS V. GRANT 1:17-cv-07229-NLH-KMW; EDWARDS v. THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY et al. 1:14-cv-02802-NLH; EDWARDS v. FALVEY 3:14-cv-05753-PGS-TJB; EDWARDS v. COMMISSIONER OF SOCIAL SECURITY 1:13-cv-07731-NLH; EDWARDS v. STATE OF NEW JERSEY 3:13-cv-06523-PGS; EDWARDS v. V.C.C.B. BOARD MEMBERS et al. 1:13-cv-03635-NLH-JS; EDWARDS v. BAYSIDE STATE PRISON et al. 1:13-cv-00833-NLH-AMD; EDWARDS v. UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY et al. 1:13-cv-00448-RBK; EDWARDS v. STATE OF NEW JERSEY et al. 1:13-cv-00214-NLH-JS; EDWARDS v. THE STATE OF NEW JERSEY et al. 1:08-cv-05617-RMB-KMW.

> against all of the defendants. Appellant was required to file his notice of appeal with the District Court Clerk by Monday, December 3, 2018, within the applicable thirty-day appeal period measured after entry of the judgment or order. See Fed. R. App. P. 4(a)(1)(A). See also Fed. R. App. P. 26(a)(1)(C) (a calculated period ending on a Saturday, Sunday, or legal holiday is extended to include the next day that is not a Saturday, Sunday, or legal holiday). Appellant's notice of appeal, filed on December 11, 2018, was untimely. It is well-settled that "the timely filing of a notice of appeal is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 213-14 (2007). Accordingly, we lack jurisdiction over the appeal, and we do not reach the motions filed by Appellant.

(Id.)

Currently pending before this Court are four motions filed by Plaintiff: (1) MOTION to Reopen the Time to File an Appeal [55]; (2) MOTION To File, New Federal Judge, Chief Of Federal [57]; (3) MOTION For Oral Argument and Trial [60]; and MOTION to Reopen and Process New Evidence [67]. For the reasons expressed below, all of Plaintiff's motions will be denied.

**(1) MOTION to Reopen the Time to File an Appeal [55]**

Plaintiff argues that his time to appeal should be reopened because he did not receive notice of the Court's November 1, 2018 Opinion and Order dismissing his case until "several weeks later," and only after he called the Clerk's Office, which informed him that his case had been dismissed.[2] Plaintiff has

---

[2] Plaintiff also asks that this Court use its discretion to construe his December 11, 2018 notice of appeal as timely. While Appellate Rule 4(a) does allow this Court to extend the time to appeal or reopen the time for appeal, it is ultimately for the Third Circuit Court of Appeals to determine that issue

3

moved for this relief pursuant to Federal Appellate Rule 4(a)(6).

The Federal Rules of Civil and Appellate Procedure provide a limited remedy to a party who has failed to file his notice of appeal within the applicable deadline, which in this case was 30 days after the November 1, 2018 decision. Under Fed. R. Civ. P. 77(d), "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." Rule 77(d) further provides, "Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."

Appellate Rule 4(a) provides a procedure for reopening the time to file a notice of appeal when the party desiring to appeal does not receive notice of the entry of the judgment or order. "In a civil case, [] the only way in which a party may obtain relief based on a clerk's failure to serve notice of the entry of a judgment or order is via Appellate Rule 4(a) . . . ."

---

and that Court has already determined that Plaintiff's appeal was untimely. The passage of more time cannot cure that defect.

4

Poole v. Family Court of New Castle County, 368 F.3d 263, 266 (3d Cir. 2004).

Appellate Rule 4(a)(5) states in relevant part, "The district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time proscribed by this Rule 4(a) expires. . . ." Appellate Rule 4(a)(6) contains similar language: "The district court may reopen the time to file an appeal . . . if . . . the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry. . . ."

Here, Plaintiff claims that he filed his notice of appeal too late because he did not receive notice from the Clerk "until several weeks later." (Docket No. 55 at 3.) Plaintiff does not provide the date he received notice of the November 1, 2018 decision, which would inform the Court of whether Plaintiff's 30-day window to appeal had already expired, and whether relief under Appellate Rule 4(a)(5) was still available to Plaintiff.

Even accepting that Plaintiff received late notice,[3] his

---

[3] The Court has no reason to believe that the Clerk failed to comply with Fed. R. Civ. P. 77(d). Plaintiff, who is not a lawyer and is proceeding *pro se* is not an electronic filer with access to the Court's electronic docket. In such cases, it is the practice of the Clerk's Office to send via regular mail copies of all docket entries to parties who do not have access to the electronic docket and then document such a mailing on the docket. In this matter, the "display receipts" for the docket

5

time to appeal had expired, and he could not avail himself of the remedy under Appellate Rule 4(a)(5), Plaintiff's current application under Appellate Rule 4(a)(6) is without force. Plaintiff admits that he received notice of the November 1, 2018 decision several weeks after its docketing, which resulted in Plaintiff filing his December 11, 2018 notice of appeal. Accepting for the sake of Plaintiff's motion that he was first notified of this Court's November 1, 2018 decision on December 11, 2018, at that time Plaintiff had seven days under Appellate Rule 4(a)(6) to file a motion in this Court seeking relief under that Rule to have his time to appeal reopened. Plaintiff failed to do so.

Even providing Plaintiff with Appellate Rule 4(a)(6)'s 180-day maximum period to seek relief under that rule from the date of the Court's November 1, 2018 decision, Plaintiff had until April 30, 2019 to file his Appellate Rule 4(a)(6) motion. Plaintiff did not file his instant Appellate Rule 4(a)(6) motion until June 6, 2019.

It may not seem fair to Plaintiff that his appeal was dismissed as untimely the day after the Appellate Rule 4(a)(6)

---

entries containing the Court's November 1, 2018 Opinion and Order show that the Clerk's Office sent those items by "regular U.S. Mail" to Plaintiff's Lindenwold, New Jersey address, which remains Plaintiff's current address, on the same day - November 1, 2018 – the Opinion and Order were entered on the docket. (Docket No. 50, 51.)

6

180-day period expired, and he may not have been aware of his need to avail himself of the relief under Appellate Rule 4(a)(6) until it was too late, but *pro se* parties "cannot flout procedural rules," and "they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," and "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. . . ."). Like all other parties, Plaintiff was required to consider the Federal Civil and Appellate Rules of Procedure when prosecuting his claims in this Court and his appeal in the Third Circuit. See Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) ("[A] litigant's compliance with the Federal Rules of Civil Procedure is expected whenever he or she files a lawsuit in federal court."); cf. Brown v. New Jersey State Parole Bd., 2006 WL 231830, at *4 (D.N.J. 2006) ("[T]to the extent that Petitioner's failure to file a timely appeal resulted from attorney error, Petitioner has not established 'cause.' To the extent that Petitioner was acting *pro se* when he failed to file a timely notice of appeal in the Appellate Division, his own

7

ignorance is not 'cause.' Neither a *pro se* prisoner's ignorance of the procedural rule nor inadvertence satisfies the cause standard.").

These rules "may appear harsh," but "the apparent harshness of the rule[s] is mitigated somewhat by the policy considerations which underlie [them]." <u>Baker</u>, 534 F. Supp. 2d at 582. "[R]elief under Rule 4(a)(6) is not freely available because it was designed not to unduly affect the time when judgments become final." <u>Id.</u> (quoting <u>Marcangelo v. Boardwalk Regency</u>, 47 F.3d 88, 90 (3d Cir. 1995)). "By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." <u>Id.</u> (citation and quotation omitted). Moreover, the appellate rules in conjunction with Fed. R. Civ. P. 77(d), are "designed to encourage parties to diligently monitor the status of their cases so as to protect their appellate rights." <u>Id.</u>; see also <u>Reyes v. Samuel</u>, 2008 WL 228135, at *2-3 (D.N.J. 2008) (citing <u>Arai v. American Bryce Ranches, Inc.</u>, 316 F.3d 1066, 1070 (9th Cir. 2003)) (finding that the "purpose of Rule 4(a)(6) is only to soften the harsh penalty of losing one's right to appeal because of the court's failure to notify a party of a judgment, not to allow parties to file late appeals," and noting that the

plaintiff pleaded ignorance of the law and rules, but finding that it had no power to reopen the time in which to appeal pursuant to Rule 4(a)(6)).

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and the U.S. Supreme Court has found that neither it nor any lower court has "authority to create equitable exceptions to jurisdictional requirements." Bowles v. Russell, 551 U.S. 205, 214 (2007). Accordingly, because Plaintiff did not comply with the applicable Appellate Rules, this Court has no authority or ability to permit Plaintiff to file a second appeal and deem it timely.

**(2) MOTION To File, New Federal Judge, Chief Of Federal [57]**
**(3) MOTION For Oral Argument and Trial [60]**
**(4) MOTION to Reopen and Process New Evidence [62]**

Plaintiff's three other motions ask that the Court hold oral argument on his underlying claims, reopen his case to process new evidence, and also seek this Court's recusal. Because Plaintiff's case has been closed and his request to reactive his case has been denied, there is no pending matter about which to hold oral argument. Plaintiff's motions requesting oral argument must be denied.

For Plaintiff's request seeking this Court's recusal, a determination regarding recusal is within the sound discretion of the trial court judge. United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985). The two principal statutes which

9

address judicial recusal are 28 U.S.C. §§ 144 and 455. Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." Ali v. United States, 2015 WL 6502108, at *1 (D.N.J. 2015) (citing Frolow v. Wilson Sporting Goods Co., 2011 WL 1337513, at *2 (D.N.J. 2011) (citation omitted); Kilkeary v. United States, 2015 WL 3798061, at *4 (D.N.J. 2015)).

Alternatively, § 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 F. App'x 189, 193 (3d Cir. 2007) (citing In re Kensington Int'l Ltd., 368 F.3d 211, 220 (3d Cir. 2004)).

Plaintiff accuses this Court of defrauding Plaintiff of a fair civil process. Plaintiff also argues that this Court must be recused from his case because the undersigned is a defendant

in a separate action filed by Plaintiff. Plaintiff cites to Civil Action 18-11955, EDWARDS v. THE HILLMAN GROUP, COMPANY et al., which arises out of the same factual allegations as this case. The Plaintiff is mistaken. The undersigned is not a named defendant in that case. While there is a defendant named "The Hillman Group," which is alleged to be the manufacturer of the combination lock used by Plaintiff's cellmate to beat him, this Court has no affiliation with such an entity.[4]

Plaintiff's arguments do not satisfy the high standard a litigant must meet to require recusal. "[W]here, as here, a litigant is simply dissatisfied with the District Court's legal rulings," "neither [§ 144 nor § 455] "provides a basis for recusal." Hairston v. Miller, 646 F. App'x 184, 188 (3d Cir. 2016) (citing Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."); Petrossian v. Cole, 613 F. App'x 109, 112 (3d Cir. 2015) ("Neither of these statutes provide a basis for recusal where a litigant is simply displeased, as Petrossian was (and is), with a prior adverse ruling."). Moreover, "the mere fact that [a judge] may be one of the numerous federal judges

---

[4] In Civil Action 18-11955, EDWARDS v. THE HILLMAN GROUP, COMPANY et al., pending are two motions: "MOTION on Resignment" and "MOTION for Trial, Impeachment."

that [a litigant] has filed suit against is not sufficient to establish that . . . recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a)." Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006); see also Mina v. Chester County, 679 F. App'x 192, 196 (3d Cir. 2017) ("Mina sought to name the District Judge as a defendant in the action (in an unauthorized amendment to the complaint) (and has since filed suit against him). However, the addition of the District Judge's name to the long list of conspirators, which already included other judges that had ruled against Mina, was an attempt to bring a baseless suit against the District Judge. It was not a basis for recusal.").

Plaintiff's motion to recuse will be denied.

## CONCLUSION

For the reasons expressed above, Plaintiff's four motions are without merit, and, accordingly, Plaintiff's motions must be denied.

An appropriate Order will be entered.


Date:  December 5, 2019           s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.